IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LINDELL JERMYAL STOKES, et al.                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 3:23-cv-524-HTW-LGI

VICTORIA LUCKY, et al.                                    DEFENDANTS

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS

Irrespective of the Plaintiff or purported claim being made, the Mississippi

Department of Corrections ("MDOC") and Burl Cain ("Cain"), sued in his official

capacity only, are entitled to a dismissal of the case against them. Both MDOC and

Cain are immune from suit in federal court under the Eleventh Amendment,

neither are "persons" for the purposes of Section 1983, and any state law claims are

barred by various provisions of the Mississippi Tort Claims Act.

## INTRODUCTION & BACKGROUND

Wendy Larana Perkins ("Perkins"), an inmate with MDOC, alleges that while

on a work detail she was "raped and impregnated by Flowood's unsupervised

unvetted male work, Androus C. Aldridge, a registered sex offender." [1] *Compl.* at

2, ¶1. Perkins alleges that despite "receiving little to no prenatal care from MDOC,"

she gave birth to a baby boy, J.M.S. *Id.* According to Perkins, "[u]nder pressure from

Baptist and MDOC, without any assistance or guidance from MDOC, Cain,

Sanders, Flowood, or Bowers, Perkins was forced to give her two-day-old baby

J.M.S. to an unvetted stranger, Lucky, the daughter of a fellow inmate" in August

2022. [1] *Compl.* at 8, ¶26.

Plaintiffs list nine mis-numbered federal and state law claims in their complaint, but only five of these are directed at MDOC and Cain: Count V (mislabeled Count VI), Count VI (mislabeled Count VII); Count VII (mislabeled Count VIII), Count VIII (mislabeled Count VI), and Count IX (mislabeled Count VII). See [1] *Compl.* at 16-20, ¶¶61-84.

Plaintiffs bring two federal claims against MDOC and Cain. Count V is a §1985 conspiracy claim, while Count VI is an Eighth Amendment claim brought under §1983 alleging "Pre and Post-Natal Care, Health Care, Mental Health Care, Protection from Rape, Assault and Harm, Environmental Conditions, Hospitalizations, Parental Rights, and Safety." [1] *Compl.* at 16-18, ¶¶61-68.

Plaintiffs bring three state law claims against MDOC and Cain. Count VII is for "Negligent and Wanton Supervision, Training and Retention," Count VIII is for "Mississippi Tort Claims Act," and Count IX is for "Assault/Battery as to Plaintiff Wendy Lamar Perkins." [1] *Compl.* at 18-20, ¶¶69-84.

In addition to requesting monetary damages, Plaintiffs ask for a declaration from the Court that "the actions, policies and practices complained of herein are violations of the provisions of 42 U.S.C. § 1983 and other constitutional rights." [1] *Compl.* [1] at 20, ¶85.A. Plaintiffs also ask for an order enjoining all Defendants "from engaging in practices that harm Plaintiffs, and enjoining Defendants from failing and refusing to immediately restore Plaintiff J.M.S.'s rightful place in the home of his named father and two siblings where he will be with his family and free from danger and harm." [1] *Compl.* at 21, ¶85.C.

## LEGAL STANDARDS

### Fed. R. Civ. P. 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (quoted favorably in *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). When a defendant files a Rule 12(b)(1) motion without any accompanying evidence, the Court will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

In a case such as this, where the defendants are entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims. See *Mahogany v. Louisiana State Supreme Ct.*, 262 F. App'x 636, 636 (5th Cir. 2008) (per curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.").

3

Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss pursuant to Rule 12(b)(6), a claim should be dismissed when a plaintiff has not alleged enough facts to state a claim for relief that is plausible on its face. *See Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *See Shakeri*, 816 F.3d at 290.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual contentions, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted).

## ARGUMENT

Irrespective of the Plaintiff or purported claim being made, MDOC and Cain, sued in his official capacity only, are entitled to a dismissal of the case against them. Both MDOC and Cain are immune from suit in federal court under the Eleventh Amendment, neither are "persons" for the purposes of Section 1983, and any state law claims are barred by the Mississippi Tort Claims Act.

## I.    FEDERAL CLAIMS

Plaintiffs' federal claims for damages against MDOC and Commissioner Cain, in his official capacity, are due to be dismissed because they are immune from suit under the Eleventh Amendment and they are not "persons" under § 1983.

### A.  Eleventh Amendment Immunity

The principle of sovereign immunity is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal courts unless the State has waived its immunity. U.S. Const. Amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, Mississippi has not waived its right to sovereign immunity. See Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Sovereign immunity extends to any state agency or department deemed to be an "arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326–27 (5th Cir. 2002). "This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143, 2001 WL 185033, at *3 (5th Cir. Feb. 6, 2001); see *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v.*

*Graham*, 473 U.S. 159, 166 (1985)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)).

It is well-established that the Mississippi Department of Corrections is an arm of the State of Mississippi and is thus cloaked with the State's Eleventh Amendment immunity from suit. See *Williams v. Mississippi Dept. of Corrections*, 2012 WL 2052101 at * 1–2 (S.D. Miss. 2012) ("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment); *Dandridge v. Mississippi*, 2009 WL 4940105, at 7 (S.D. Miss. 2009) (same).  Since MDOC is an arm of the state, its officers and employees are officers and employees of the state, and are similarly entitled to sovereign immunity from monetary damages in their official capacities. See *Am. Bank and Trust Co. v. Dent*, 982 F.2d 917, 921 (5th Cir.1993) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("a suit against a state official in his or her official capacity... is no different from a suit against the State itself.")). Thus, moving Defendants, in their official capacities, have immunity against Plaintiff's claims for monetary damages against them in their official capacities under Section 1983.

There is an exception to Eleventh Amendment immunity under *Ex Parte Young*, 209 U.S. 123 (1908). Suits may be brought against a state official in certain situations where that suit seeks only prospective injunctive or declaratory relief to end a continuing violation of federal law. *Walker v. Livingston*, 381 Fed.Appx. 477, 478 (5th Cir.2010) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996)). MDOC is not subject to this exception because the fiction of *Ex Parte Young* only

6

"created an exception to Eleventh Amendment immunity for claims for prospective relief against state officials who have been sued in their official capacities." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008).

Plaintiffs' claims against Cain in his official capacity fail under *Young* as the Plaintiffs only seek declaratory and injunctive relief arising from past conduct. An "ongoing" violation of federal law is different from a past, completed violation. The *Ex Parte Young* exception applies only to prospective relief and does not permit judgments against state officers declaring that they violated federal law in the past. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *McClure v. Torres*, No. 9:16-CV-53, 2020 WL 8972224, at *6 (E.D. Tex. Dec. 21, 2020), adopted, 2021 WL 1123332 (E.D. Tex. Mar. 23, 2021).

Plaintiffs' prayer for relief includes a request for a declaration from the Court that "the actions, policies and practices complained of herein are violations of the provisions of 42 U.S.C. § 1983 and other constitutional rights." [1] *Compl.* [1] at 20, ¶85.A. Plaintiffs also ask for an order enjoining all Defendants "from engaging in practices that harm Plaintiffs, and enjoining Defendants from failing and refusing to immediately restore Plaintiff J.M.S.'s rightful place in the home of his named father and two siblings where he will be with his family and free from danger and harm." [1] *Compl.* at 21, ¶85.C. But, for the *Ex Parte Young* exception to apply, even when the injunctive relief is asserted through an official capacity claim, the Court must examine: (1) the ability of the official to enforce the statute at issue under his statutory or constitutional power, and (2) the demonstrated willingness of the

official to enforce the statute. *Okpalobi v. Foster*, 244 F.3d 405, 425–27 (5th Cir. 2001). In other words, "the necessary fiction of *Young* requires that the defendant state official be acting, threatening to act, or at least have the ability to act." *Okpalobi*, 244 F.3d at 405. "The Fifth Circuit has noted that a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place." *Strong v. Livingston*, 2013 WL 6817095, *9 (S.D. Tex. 2013) (emphasis supplied). Here, Plaintiffs have left the Court and the Defendants to guess exactly what it is that they think Cain can do or not do, or should be doing or not doing.

To the extent Plaintiffs seek to hold MDOC or Cain liable for "the actions, policies and practices complained of herein are violations of the provisions of 42 U.S.C. § 1983 and other constitutional rights" there can be no such liability here. [1] *Compl.* [1] at 20, ¶85.A. It can be possible to establish municipal liability under § 1983 which "is limited to deprivations of federally protected rights caused by action taken 'pursuant to official municipal policy of some nature.'" *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 316–17 (5th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). The *Monell* doctrine, however, only applies to municipalities and local governments – it does not apply to the state, or arms of the state. In *Will*, the Court explained its conclusion and why its findings related to Eleventh Amendment immunity did not contradict *Monell*:

> Finally, *Monell* itself is not to the contrary. True, prior to *Monell* the Court had reasoned that if municipalities were not persons then surely States also were not. *Fitzpatrick v. Bitzer*, 427 U.S. [445, 452, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)]. And *Monell* overruled *Monroe* [*v. Pape*, 365

U.S. 167 (1961)], undercutting that logic. But it does not follow that if municipalities are persons then so are States. States are protected by the Eleventh Amendment while municipalities are not, *Monell*, 436 U.S. at 690, n. 54, 98 S.Ct. at 2035, n. 54, and we consequently limited our holding in *Monell* "to local government units which are not considered part of the State for Eleventh Amendment purposes," *ibid*. Conversely, our holding here does not cast any doubt on *Monell*, and applies only to States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes. See, e.g., *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989).

While Plaintiffs complain about alleged state policies and practices, the claims against MDOC and Cain must be dismissed because there can be no *Monell* liability for state entities.

### B.    MDOC and Cain, in his official capacity, are not persons under § 1983

In addition to being barred by Eleventh Amendment immunity, Plaintiffs' federal claims are improper as the defendants are not parties that can be sued under 42 U.S.C. § 1983. The United States Supreme Court has succinctly held that the State, arms of the State and state officials sued in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id*. at 70.   Thus, as a matter of statutory interpretation, MDOC and Cain, in his official capacity, are not amenable to suit under § 1983 in federal court.

II.    State Law Claims

The Mississippi Tort Claims Act ("MTCA") "provides the exclusive civil remedy against a governmental entity and its employees for acts or omissions which give rise to a suit." Miss. Code. Ann. § 11–46–7; *City of Jackson v. Sutton*, 797 So.2d 977, 980 (Miss.2001) (citation omitted). Notably, Mississippi has not waived its right to sovereign immunity. See Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). While the Act provides a general waiver of sovereign immunity, this waiver is subject to numerous conditions, restrictions, and limitations. One pertinent restriction is the "inmate exception" found at Miss. Code Ann. § 11–46–9(1)(m). Another limitation is the one-year statute of limitations under the Act found at Miss. Code Ann. § 11–46–11.

A.    Eleventh Amendment Immunity

As discussed more fully above, the principle of sovereign immunity is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal courts unless the State has waived its immunity. U.S. Const. Amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Mississippi has not waived its right to sovereign immunity. See Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Additionally, Commissioner

10

Cain cannot be sued in his official capacity in federal court for violations of state law. *Corn v. Mississippi. Dep't of Pub. Safety*, 954 F.3d 268, 275 (5th Cir. 2020) citing *Pennhurst State School & Hosp.*, 465 U.S. at 106 (We cannot "instruct[ ] state officials on how to conform their conduct to state law."). As such, MDOC and Commissioner Cain in, his official capacity, are immune from Plaintiffs' state law claims in federal court.

### B.   The Inmate Exception - Miss. Code Ann. § 11–46–9(1)(m)

One of the limitations found in the MTCA is the inmate exception found at Miss. Code Ann. § 11–46–9. In pertinent part, § 11–46–9 provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> ....
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11–46–9(1)(m). "[The statute,] without exception, prohibits all claims from claimants who are inmates at the time the claim arises." *Clay v. Epps*, 19 So.3d 743, 746 (Miss.Ct.App.2008); *Whitt v. Gordon*, 872 So.2d 71, 74 (Miss.Ct.App.2004). Accordingly, Perkins' state law claims arising out of her incarceration with MDOC are barred by Miss Code Ann. §11-46-9(1)(m) and must be dismissed.

C.      One-Year Statute of Limitations

The MTCA provides that actions shall be brought within one year after the date of the tortious conduct, "except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date ... the chief executive officer or other statutorily designated official of a political subdivision receives notice of claim." Miss. Code Ann. § 11-46-11(a). Once a claimant receives a notice of denial of the claim or the tolling period expires, they have an additional 90 days to file suit. Miss. Code Ann. § 11-46-11(b). Thus, at most, Plaintiffs had 550 days in which to file their suit in this matter. According to the Complaint, Plaintiffs allege that in "November 2021, Perkins was raped and forcibly impregnated" by Aldridge. [1] *Compl.* at 8, ¶25. Giving Plaintiffs the benefit of the full month of November 2021, 550 days from November 30, 2021, is June 3, 2023, or more than two months before Plaintiffs filed their Complaint on August 10, 2023. In addition to the other bars Plaintiffs face, their state law claims are simply untimely and are due to be dismissed.

## CONCLUSION

For all the reasons outlined above, as well as in their motion to dismiss, all of Plaintiffs' claims against MDOC and Commissioner Burl Cain, in his official capacity, are due to be dismissed.

DATE: AUGUST 30, 2023

MISSISSIPPI DEPARTMENT OF
CORRECTIONS and BURL CAIN,
COMMISSIONER OF THE MISSISSIPPI

12

DEPARTMENT OF CORRECTIONS, in
his official capacity only, *Defendants*

LYNN FITCH
Attorney General of Mississippi

*/s/ J. Chadwick Williams*
Special Assistant Attorney General
Mississippi Bar No. 102158
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3523
E-mail: chad.williams@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This, the 30th day of August 2023.

*/s/ J. Chadwick Williams*