IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LINDELL JERMYAL STOKES and
WENDY LARANA PERKINS, Individually  **PLAINTIFFS**
And as Parents and Next Friends of J.M.S., a
Minor, and J.M.S., by and through his Parents
And Next Friends, Lindell Jermyal Stokes and
Wendy Larana Stokes

VS.                      CIVIL ACTION NUMBER 3:23-cv-524-HTW-LGI

VICTORIA LUCKY, MISSISSIPPI  **DEFENDANTS**
DEPARTMENT OF CHILD PROTECTIVE
SERVICES; ANDREA SANDERS, as
COMMISSIONER OF MISSISSIPPI
DEPARTMENT OF CHILD PROTECTIVE
SERVICES IN HER OFFICIAL CAPACITY;
CITY OF FLOWOOD, MISSISSIPPI; CHRIS
BOWERS, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY as DIRECTOR OF
PARKS AND RECREATION, CITY OF
FLOWOOD, MISSISSIPPI; MISSISSIPPI
DEPARTMENT OF CORRECTIONS;
BURL CAIN, as COMMISSIONER OF
MISSISSIPPI DEPARTMENT OF
CORRECTIONS IN HIS OFFICIAL
CAPACITY; AND ANDROUS C. ALDRIDGE

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF
## MOTION TO DISMISS

COME NOW Mississippi Department of Child Protective Services ("MDCPS") and Andrea Sanders, as Commissioner of Mississippi Department of Child Protective Services in her official capacity ("Commissioner Sanders"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, by and through counsel, and file

1

this memorandum authorities in support of their motion to dismiss. In support of their motion to dismiss, MDCPS and Commissioner Sanders assert:

## INTRODUCTION

On August 10, 2023, three Plaintiffs filed the Complaint now before this Court. The Plaintiffs' Complaint asserts nine counts against eight Defendants. Some of the Complaint's Counts allege claims against MDCPS and Commissioner Sanders while others do not. Many of the Complaint's Counts collectively assert claims against "Defendants". However, insofar as the Complaint pertains to MDCPS and Commissioner Sanders, it appears that those claims involve the care and custody of baby boy, J.M.S., who allegedly was given to the wrong person after his birth at Mississippi Baptist Medical Center. Plaintiff Perkins gave birth to baby boy, J.M.S., while she was incarcerated by Defendant MDOC. It is alleged that MDCPS and Commissioner Sanders failed to protect the rights of J.M.S. or to keep him safe. It is also alleged that MDCPS and Commissioner Sanders failed to protect the rights of Plaintiff Stokes, J.M.S.'s putative father. The Plaintiffs claim that MDCPS, Commissioner Sanders, and the other named Defendants violated the Plaintiffs' Fourteenth Amendment procedural and substantive due process rights as well as the Equal Protection clause. The Plaintiffs asserted state law claims against MDCPS, Commissioner Sanders, and the other Defendants seeking money damages from all Defendants as well as injunctive relief.

MDCPS and Commissioner Sanders are entitled to dismissal of all claims asserted against them in the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6). All of the claims against MDCPS and Commissioner Sanders should be dismissed because MDCPS and Commissioner Sanders are entitled to Eleventh Amendment immunity. The federal claims against MDCPS and Commissioner Sanders should also be dismissed because the Plaintiffs failed to allege a plausible factual basis for such claims against MDCPS and Commissioner Sanders as required by *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007). The Plaintiffs' state law claims against MDCPS and Commissioner Sanders should also be dismissed because they are also barred by the immunity provisions of the Mississippi Tort Claims Act. As further explained below, all of these reasons require the dismissal of Plaintiffs' Complaint against MDCPS and Commissioner Sanders.

## STANDARD FOR DISMISSAL

### Fed. R. Civ. Pro. 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction under Federal Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Association of Mississippi, Inc. v. Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party seeking to invoke jurisdiction of the federal court bears the burden of demonstrating its existence. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), dismissal is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. *Pan-American Life Ins. Co. v.*

3

*Bergeron*, 82 F. App'x 388, 389 (5th Cir. 2003) (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Bergeron*, 82 F. App'x at 389 (citing *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (further citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).

In a case such as the one now before this Court, where MDCPS and Commissioner Sanders are entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiffs' claims and Rule 12(b)(1) is the appropriate procedural vehicle. *See Mahogany v. La. State Sup. Court*, 636 Fed. Appx. 636, 636 (5th Cir. 2008) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity."); *United States v. Texas Tech University* 171 F.3d 279, 285, n. 9, 288 (5th Cir. 1999).

### Fed. R. Civ. Pro. 12(b)(6)

Even if this Court should find that MDCPS and Ms. Sanders are not entitled to Eleventh Amendment immunity, the Plaintiffs' federal claims should nonetheless be dismissed. When considering a motion to dismiss pursuant to Rule 12(b)(6), a claim should be dismissed when a plaintiff has not alleged enough facts to state a claim for relief that is plausible on its face. *See Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283,

4

290 (5th Cir. 2016); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *See Shakeri*, 816 F.3d at 290.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual contentions, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted).

Finally, the Plaintiffs' state law claims are due to be dismissed. The Mississippi Tort Claims Act controls the Plaintiffs' state law claims and specifically excludes claims made by a Plaintiff who is an inmate in a state institution. Additionally, the Plaintiffs' claims under MTCA are barred by the statute's one year statute of limitations.

## LAW AND ARGUMENT

### A. All claims against MDCPS and Commissioner Sanders should be dismissed because this Court lacks subject matter jurisdiction.

The Plaintiffs seek injunctive relief and monetary damages in their Complaint against MDCPS and Commissioner Sanders. The Plaintiffs did not allege that MDCPS consented to suit. Therefore, the Plaintiffs' Complaint must be dismissed because the Eleventh Amendment deprives this Court of subject matter jurisdiction.

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment grants a state immunity from suit in federal courts by citizens of other States and by its own citizens. *Lapides v. Board of Regents of the University System of Georgia,* 535 U.S. 613, 616; 122 S. Ct. 1640 (2002); *Doe v. University of Mississippi,* 361 F. Supp. 3d 597, 604 (S.D. Miss. 2019); *Campaign for Southern Equality v. Mississippi Department of Human Services,* 175 F. Supp. 3d 691, 708 (S.D. Miss. 2016). The Eleventh Amendment bars both federal and state law claims asserted against a State in federal court. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 119-21; 104 S. Ct. 900 (1984); *Hayes v. Laforge,* 113 F. Supp. 3d 883, 891 (N.D. Miss. 2015). The Eleventh Amendment bars suit against a state entity regardless of whether money damages or injunctive relief is sought. *Voison's Oyster House, Inc. v. Guidry*, 799 F. 2d 183, 186 (5th Cir. 1986); *University of Mississippi,* 361 F. Supp. 3d at 604. The Eleventh Amendment bars suits against the state for legal or equitable relief, absent state consent. *Pennhurst,* 465 U.S. at 100–101. This bar specifically applies to suits for equitable relief, *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974), suits for injunctive relief, *Cory v. White,* 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982), and suits for mandamus. *State v. Jumel,* 107 U.S. 711, 727, 2 S.Ct. 128, 141, 27 L.Ed. 448 (1882). Eleventh Amendment immunity extends to state agencies, officials, and employees when the state is the real, substantial party in interest. *Pennhurst,* 465 U.S. at 100; *Edelman,* 415 U.S. 4 at 663.

The bar regarding suits against a state entity in federal court is jurisdictional. *Nigen Biotech, LLC v. Paxton,* 804 F.3d 389, 393-94 (5th Cir. 2015); *Moore v. Louisiana Board of Elementary and Secondary Education,* 743 F.3d 959, 963 (5th Cir. 2014). Restated, if the Eleventh Amendment is applicable, a federal court is without jurisdiction to hear the matter. The Eleventh Amendment also bars suits by private citizens against a State and state officers in federal court. Official capacity lawsuits generally represent only another way of pleading an action against an entity of which an officer is an agent. *Hafer v. Melo,* 502 U.S. 21, 25 (1991)(quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)), Accordingly, the Eleventh Amendment bar extends to suits against state actors sued in their official capacities. *See KP v. LeBlanc,* 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney,* 437 U.S. 678, 700 (1978); *McCarthy ex rel. Travis v. Hawkins,* 381 F.3d 407, 412 (5th Cir. 2004). The Eleventh Amendment extends its cloak of immunity to any official-capacity claims against Ms. Sanders because the Plaintiffs are suing her in her official capacity. *Chrissy F. by Medley v. Mississippi Dept. of Public Welfare,* 925 F.2d 844, 849 (5th Cir. 1991); *Moore,* No. 1:15-CV-13-DMB-DAS, 2016 WL 5477673 (dismissing official capacity claims).

The language of the amendment has been construed by the United States Supreme Court as an "affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III." *Pennhurst,* 465 U.S. at 98. In *Hans v. Louisiana,* 134 U.S. 1 (1890), the Supreme Court held that, despite the limited terms of the amendment, a federal court could not entertain a suit brought

7

by a citizen against his own State. *Pennhurst*, 465 U.S. at 98. Of course, sovereign immunity may be waived, and the Supreme Court has held that a State may consent to suit against it in federal court, so long as that consent is unequivocally expressed. However, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst,* 465 U.S. at 100 (quoting *Employees v. Missouri Public Health & Welfare Dep't,* 411 U.S. 279, 280 (1973)). Moreover, in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is absolutely barred by the Eleventh Amendment. *Pennhurst,* 465 U.S. at 100. "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.*

However, in *Ex parte Young,* 209 U.S. 123 (1907), the United States Supreme Court recognized an exception to the general rule embodied in the Eleventh Amendment. This exception allows suits against state officials for the purpose of enjoining the enforcement of an unconstitutional state statute. *Okpalobi v. Foster,* 244 F.3d 405, 411 (5th Cir. 2001). In *Young*, a federal court enjoined the Attorney General of the State of Minnesota from bringing suit to enforce a state statute that allegedly violated the Fourteenth Amendment. The theory of the case was that "an unconstitutional enactment is void" and therefore does not impart to the state official any immunity from responsibility to the supreme authority of the United States." *Pennhurst,* 465 U.S. at 102 (quoting *Ex parte Young,* 209 U.S. at 160) The Supreme Court has long held that, in determining whether the doctrine of *Ex parte Young* applies in a particular circumstance, a court need only conduct a "straightforward

8

inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 296 (1997). Thus, in *Pennhurst*, the Court held that the Eleventh Amendment bars a federal court from issuing an injunction against state officials directing them to comply with state law. *Pennhurst,* 465 U.S. at 106. The Court pointed out in *Pennhurst* that, when a plaintiff alleges that a state official has violated state law, the entire basis for the doctrine of *Ex parte Young* disappears. *Id.* The Court stated further:

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law.

*Pennhurst*, 465 U.S. at 106. It is thus clear that a suit in federal court seeking injunctive relief against state officials on the ground of their alleged violations of state law is barred by the Eleventh Amendment.

The Plaintiffs' Complaint against MDCPS is a suit against a state entity barred by the Eleventh Amendment. Moreover, the claims against Commissioner Sanders, asserted against her in her official capacity, fall within the meaning of *Pennhurst* and its progeny. Because any and all claims in this matter are being asserted against a state entity (MDCPS) or a state official in her official capacity, those claims are barred by the Eleventh Amendment. This Court should dismiss all

9

claims against MDCPS and Commissioner Sanders for lack of subject matter jurisdiction.

### B. The Plaintiffs' federal claims against MDCPS and Commissioner Sanders should be dismissed because MDCPS and Ms. Sanders are not "persons" under §1983 and there is no *Monell* liability against State entities

The Plaintiffs' Complaint is brought before this Court pursuant to 42 U.S.C. §1983. [Dkt. #1, paragraph 5]. However, Plaintiffs' federal claims against MDCPS and official capacity claim against Commissioner Sanders are improper as they are not parties that can be sued under 42 U.S.C. § 1983. Under 42 U.S.C. § 1983, a plaintiff may bring a cause of action for civil rights violations only against "persons." 42 U.S.C. § 1983. A state, its officials working in their official capacity, and entities that are considered "arms of the State" for Eleventh Amendment purposes are not persons subject to suit within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *See also Parks v. Mississippi Dept. of Corrections*, 2014 WL 232008, at *7 (S.D. Miss. 2014) ("Moreover, like a state or an agency thereof, an official acting in his official capacity is not a "person" subject to liability for damages under § 1983."); *King v. State of Mississippi*, 2015 WL 370175, at *3 (S.D. Miss. 2015) (same). Thus, MDCPS and Commissioner Sanders are not amenable to suit under § 1983 in federal court.

In addition to being entitled to sovereign immunity and not being a "person" amenable to suit under Section 1983, neither MDCPS nor Commissioner Sanders are subject to *Monell* liability Several counts contained in the Plaintiffs' Complaint claim that MDCPS and Ms. Sanders should be held liable for damages because of their

customs, policies, practices, or any lack thereof. See generally Dkt. #1, paragraphs 51, 55, 58, 60, 67. It can be possible to establish municipal liability under § 1983 which "is limited to deprivations of federally protected rights caused by action taken 'pursuant to official municipal policy of some nature.'" *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 316–17 (5th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). The *Monell* doctrine, however, only applies to municipalities and local governments – it does not apply to the state or arms of the state. In *Will*, the Court explained its conclusion and why its findings related to Eleventh Amendment immunity did not contradict *Monell*:

> Finally, *Monell* itself is not to the contrary. True, prior to *Monell* the Court had reasoned that if municipalities were not persons then surely States also were not. *Fitzpatrick v. Bitzer*, 427 U.S. [445, 452, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)]. And *Monell* overruled *Monroe* [*v. Pape*, 365 U.S. 167 (1961)], undercutting that logic. But it does not follow that if municipalities are persons then so are States. States are protected by the Eleventh Amendment while municipalities are not, *Monell*, 436 U.S. at 690, n. 54, 98 S.Ct. at 2035, n. 54, and we consequently limited our holding in *Monell* "to local government units which are not considered part of the State for Eleventh Amendment purposes," *ibid*. Conversely, our holding here does not cast any doubt on *Monell*, and applies only to States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes. See, e.g., *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989).

To the extent that the Plaintiffs' Complaint against MDCPS and Ms. Sanders relate to alleged policies and practices, these claims must be dismissed because there

can be no *Monell* liability for a state entity such as MDCPS or state employees sued in their official capacities.

> D. **The Plaintiffs' state law claims against MDCPS and Commissioner Sanders should be dismissed under the Mississippi Tort Claims Act.**

Finally, to the extent the Plaintiffs' Complaint asserts claims against MDCPS and Commissioner Sanders under the Mississippi Tort Claims Act, those claims are barred by the Mississippi Tort Claims Act ("MTCA"). Section 11-46-9(1)(a) provides that "(1) a governmental entity and its employees acting within the course and scope of their employment and duties shall not be liable for any claim:"

> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

MISS. CODE ANN. §11-46-9(1)(m). "[The statute,] without exception, prohibits all claims from claimants who are inmates at the time the claim arises." *Clay v. Epps*, 19 So.3d 743, 746 (Miss.Ct.App.2008); *Whitt v. Gordon*, 872 So.2d 71, 74 (Miss.Ct.App.2004). The Plaintiffs' Complaint arises from the rape and assault of Plaintiff Perkins while she was allegedly incarcerated by Defendant MDOC and doing community service for Defendant Flowood. [Dkt. #1, paragraph 1]. Therefore, MDCPS and Commissioner Sanders enjoy MTCA immunity from Plaintiffs' purported state law claim arise during the time Plaintiff Perkins was an inmate and these claims should likewise be dismissed pursuant to Rule 12(b)(6).

The Plaintiffs' Complaint is also barred by the MTCA's one year statute of limitations. The MTCA provides that actions shall be brought within one year after the date of the tortious conduct, "except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date ... the chief executive officer or other statutorily designated official of a political subdivision receives notice of claim." Miss. Code Ann. § 11-46-11(a). Once a claimant receives a notice of denial of the claim or the tolling period expires, they have an additional 90 days to file suit. Miss. Code Ann. § 11-46-11(b). Thus, at most, Plaintiffs had 550 days in which to file their suit in this matter. According to the Complaint, Plaintiffs allege that in "November 2021, Perkins was raped and forcibly impregnated" by Aldridge. [1] Compl. at 8, ¶25. Giving Plaintiffs the benefit of the full month of November 2021, 550 days from November 30, 2021, is June 3, 2023, or more than two months before Plaintiffs filed their Complaint on August 10, 2023. In addition to the other bars Plaintiffs face, their state law claims are simply untimely and are due to be dismissed.

## CONCLUSION

For all of the reasons stated above, MDCPS and Commissioner Sanders are entitled to dismissal of all claims asserted against them in Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

THIS the 30th day of August, 2023.

        Respectfully submitted,

        MISSISSIPPI DEPARTMENT OF CHILD
        PROTECTIVE SERVICES AND ANDREA
        SANDERS, AS COMMISSIONER OF
        MISSISSIPPI DEPARTMENT OF CHILD
        PROTECTIVE SERVICES IN HER
        OFFICIAL CAPACITY, DEFENDANTS

        By:    LYNN FITCH, ATTORNEY
                   GENERAL
                   STATE OF MISSISSIPPI

        By:    s/Gerald L. Kucia
                   GERALD L. KUCIA (MSB #8716)
                   Special Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4072
Fax: (601) 359-2003
Gerald.kucia@ago.ms.gov

*Attorney for Mississippi Department of*
    *Child Protective Services and*
    *Andrea Sanders, as Commissioner*
    *Of Mississippi Department of*
    *Child Protective Services in Her*
    *Official Capacity*

## CERTIFICATE OF SERVICE

I, Gerald L. Kucia, Special Assistant Attorney General and attorney for Defendants, Mississippi Department of Child Protective Services and Andrea Sanders, as Commissioner of the Mississippi Department of Child Protective Services, in her official capacity, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's CM/ECF filing system which sent notification of such filing to all counsel of record.

THIS the 30th day of August, 2023.

s/Gerald L. Kucia
GERALD L. KUCIA