IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STOKES, ET AL.**                                                                            **PLAINTIFFS**

**VS.**                                                               **No. 3:23-cv-524-HTW-LGI**

**VICTORIA LUCKY, ET AL.**                                          **DEFENDANTS**

**DEFENDANTS THE CITY OF FLOWOOD AND CHRIS BOWERS'
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff Wendy Perkins is a prisoner who claims she was raped and impregnated by a former employee of Defendant the City of Flowood while she was working as a trustee. There is reason to doubt the veracity of Perkins' allegations, but it does not matter for purposes of this motion. Undersigned counsel represents <u>only</u> the City and Director of Parks and Recreation Chris Bowers (collectively "Municipal Defendants" or "Defendants"). There are no plausible allegations, and certainly no evidence, that would permit civil liability against Municipal Defendants.

## BACKGROUND

The complaint contends that Perkins is an MDOC prisoner who was sexually assaulted while taking part in a work release program between MDOC and the City. Doc. No. 23, ¶36. Androus C. Alldridge, a registered sex offender, is the alleged assaulter. *Id.* The assault supposedly resulted in the pregnancy of a child. *Id.* Aside from the assault, the complaint's remaining allegations are aimed at other defendants not affiliated with the City. *See* Doc. No. 23.

Significantly, it appears that the complaint is confused when it comes to names. While a person named "Androus Cornell Aldridge" is indeed a registered sex offender, *see* Exhibit A, no

one by that name has ever been employed with the City. The City instead employed an individual named "Anzores Denard Aldridge" who was not a registered sex offender upon hire. It is this second individual who recently pled guilty to consensual sex with an inmate, not rape. *See* Exhibit B.

## STANDARD OF REVIEW

The federal rules offer a number of ways to challenge a plaintiff's case, including a motion to dismiss under Rule 12(b)(6) and a summary-judgment motion under Rule 56. Municipal Defendants invoke both rules here.

Under Rule 12(b)(6), the central question is whether the complaint includes claims that are plausible. *Bell Atl. Co. v. Twombly*, 550 U.S. 554, 555–62 (2007). This question is answered by comparing the legal claims that have been identified in the complaint with the factual allegations offered in support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be plausible, the Court must be able to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id*. at 678. In resolving Rule 12(b)(6) motions, courts may consider the complaint, documents central to the claims referenced in the complaint, and matters of public record that are subject to judicial notice. *Doe v. United States*, 853 F.3d 792, 800 (5th Cir. 2017), *as revised* (April 12, 2017); *Joseph v. Bach & Wasserman, LLC*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012). Merely reciting the elements of a cause of action, or making conclusory factual or legal assertions, is insufficient to defeat a motion to dismiss. *Jordan v. Flexton*, 729 F. App'x 282, 284 (5th Cir. 2018).

Under Rule 56, the central question is whether the record evidence provides a viable basis for relief as opposed to looking to the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). This question is answered by determining if there are genuine issues

2

of material fact, such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). To avoid summary judgment, a plaintiff must produce evidence of "specific facts showing the existence of a genuine issue for trial." *Foulston Siefkin LLP v. Wells Fargo Bank of Texas, N.A.*, 465 F.3d 211, 214 (5th Cir. 2006). A factual issue is "material only if its resolution could affect the outcome of the action," *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007), and "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment," *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quotation omitted).

## ARGUMENT & AUTHORITIES

The complaint brings both federal and state claims, although it is unclear which claims are directed at which defendants. Regardless, Municipal Defendants cannot be held liable under either federal or state law. Each is addressed in turn.

### Federal Law

Although Section 1983 is the statutory vehicle for the civil vindication of constitutional rights, being subjected to a constitutional violation is not alone enough. The foundational rule is that "vicarious liability is inapplicable in an action under 42 U.S.C. § 1983," meaning that "something more" than misconduct by a city employee is required. *See Green v. Richardson*, 2021 WL 3713061, *5 (S.D. Tex. 2021). With respect to the City, Plaintiffs are required to prove that a governmental policy or custom was the moving force behind the alleged assault. *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009). With respect to Bowers, Plaintiffs are required to prove that he was "personally involved" in the assault, *see Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999), and that he is not entitled to

qualified immunity. *See Vann v. Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) (explaining that plaintiffs shoulder the burden of overcoming qualified immunity).

**Claims against the City.** The complaint suggests that the City is liable for the alleged assault under a negligence theory. *See* Doc. No. 23, ¶¶74-118. But such a theory is a non-starter, since a "§ 1983 claim . . . cannot be based upon mere negligence." *See LCS Corrections Services, Inc. v. Lexington Ins. Co.*, 800 F.3d 664, 672 n.8 (5th Cir. 2015). To reiterate: an unconstitutional policy or custom that caused the constitutional violation is required. *See Peterson*, 588 F.3d at 847.

Plaintiffs do not identify an express policy that they believe is unconstitutional, nor have they identified a widespread pattern of similar instances that could give rise to an unofficial municipal custom. *Id*. at 850-51 (explaining that, under the "demanding" unofficial custom theory, a plaintiff must identify "sufficiently numerous prior incidents" and those prior incidents must be both similar and specific to the alleged violation in question). The contention, again, is related to an alleged criminal act. In short, there is no basis for municipal liability.

**Claims against Bowers**. The complaint appears only to name Bowers due to his position as Director of Parks and Recreation. But any theory premised on his supervision of the city employee is groundless. Again, Section 1983 requires personal involvement, and there certainly is no allegation that Bowers was involved in the employee's sexual encounter with Perkins. *See, e.g., Powell v. Martinez*, 579 F. App'x 250, 252 (5th Cir. 2014) (affirming grant of motion to dismiss on failure-to-supervise claim for lack of personal involvement).

To be sure, an individual defendant's "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoted case omitted). Nothing in the complaint even

4

remotely suggests that Bowers had anything to do with the former City employee's criminal activity.

Nonetheless, even if Plaintiffs could somehow demonstrate that Bowers violated the Constitution, he still is entitled to dismissal on qualified immunity grounds. Indeed, when qualified immunity is asserted, "it is not enough for a [p]laintiff[] to adequately demonstrate constitutional violations." *Franco v. Kluge*, No. EP-13-CV-313-FM, 2015 WL 1637688, *4 (W.D. Tex. Apr. 13, 2015).

Individuals are entitled to qualified immunity unless the unlawfulness of their conduct was "clearly established[.]" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589-90 (2018). "Clearly established" means that, at the time of the officer's conduct, the law was "'sufficiently clear' that every 'reasonable official would understand that what he is doing'" is unlawful. *Id*. (citation omitted). In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *Id*. This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law." *Id*. (citation omitted).

<u>Framework.</u> Plaintiffs shoulder the burden of defeating qualified immunity. *See Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020). To do so, they have two options: (1) proffer a precedential case that "squarely governs" the conduct at issue, i.e. "the analogous-case requirement" or (2) demonstrate the conduct at issue is an "obvious" case of unconstitutional behavior, i.e. the "obvious" exception. *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021).

This case does not implicate the very rare "obviousness" exception, for "[t]he standard for obviousness is sky high[.]" *See Joseph v. Bartlett*, 981 F.3d 319, 337 (5th Cir. 2020). Unless <u>every</u> single reasonable officer would know "in the blink of an eye" that his or her conduct is unconstitutional because of the authoritative precedent, then qualified immunity must be granted.

*See Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019); *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (quoting Supreme Court precedent). This requires a high "degree of specificity." *Wesby*, 138 S. Ct. at 590 (citation omitted). The Supreme Court has "repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Id*. (citation omitted). This principle reflects a "manifestation of the law's general concern about retroactive punishment or liability." *Wesby v. District of Columbia*, 816 F.3d 96, 110 (D.C. Cir. 2016) (Kavanaugh, J., dissenting) (citing Supreme Court precedent).

<u>Application of the Qualified Immunity Framework.</u> Applying these standards here, Plaintiffs have pled no facts that would even suggest that Bowers' actions were objectively unreasonable under clearly established law. There is no factually analogous case from either the Supreme Court or the Fifth Circuit that was decided before then, nor was there a "robust consensus of persuasive authority" that "clearly and unambiguously" prohibited Bowers' conduct. *See Morgan*, 659 F.3d at 371-72.

In sum, the Fifth Circuit has reiterated "[t]he qualified-immunity doctrine makes" obtaining "money damages from the personal pocket of a law enforcement officer" "difficult in every case." *See Morrow*, 917 F.3d at 874. The Fifth Circuit further explained that qualified immunity presents a "heavy burden" for plaintiffs and that the denial of qualified immunity is an "extraordinary remedy." *Id*. at 874-76. Since Bowers did not act objectively unreasonable under clearly establish law, he is entitled to qualified immunity.

## State Law

It is equally clear that there is no state-law theory under which the City or Bowers could be held liable. Significantly, "[t]he Mississippi Tort Claims Act (MTCA) provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit." *C.W. and J.A. v. McComb Separate Mun. Sch. Dist.*, 754 So. 2d 1136, 1138 (Miss. 1999). Here, Plaintiffs' claims fail for both procedural and substantive reasons.

**Procedural Problem**. Any claim under state law is time barred, since Plaintiffs did not file this lawsuit until 21 months after the alleged assault, well beyond the MTCA's one-year statute of limitations period. *See* Miss. Code § 11-46-11(3).

Plaintiffs assert the alleged assault occurred on or about November 15, 2021. Doc. No. 23, ¶116. Although a notice of claim was served on October 27, 2022, *see* Notice of Claim, Ex. C, the MTCA's tolling principles moved the limitations period, at most, to May 19, 2023. *See* Miss. Code § 11-46-11(3) (outlining the MTCA's 95-day tolling provision and 90-day filing provision); *Culberson v. Clay Cnty.*, 2023 U.S. Dist. LEXIS 81866, *51 (N.D. Miss. May 10, 2023) (explaining "the Plaintiffs had 550 days (365 + 95 + 90) from [the alleged incident] to timely file suit"). The complaint was not filed until August 10, 2023, 83 days too late.

Further, Plaintiffs' assault claims is barred because the one year statute of limitations ran on November 15, 2022, one year after the alleged assault and nine months before the complaint was filed. *See* Miss. Code. § 15-1-35 (actions for assault shall be commenced within one year).

**Substantive Problems**. To start, Plaintiffs do not appreciate that "reckless disregard" is not a claim under Mississippi law. It is, quite differently, "a standard that applies when determining whether a municipality has retained its immunity." *See Hawkins v. Lexington*, No. 3:19-cv-606-DPJ-FKB, Doc. No. 71 at p.12 (S.D. Miss. July 9, 2021).

Plaintiffs also fail to appreciate that suit may not be brought both against a governmental entity and a governmental employee in his or her personal capacity. Under the MTCA, a plaintiff must "pick a horse" or, as Chief Judge Jordan put it, plaintiffs cannot "have the best of both worlds[.]" *Id*. at pp.12-13 ("So either the officers acted within the course and scope of their employment—in which case there are no individual-capacity claims—or they acted outside the course and scope of their employment, in which case the City of Lexington maintains sovereign immunity.").

Plaintiffs improperly attempt to sue the City and Bowers, but both Bowers and the City are immune under state law. For his part, Bowers is not alleged to have done anything outside the course and scope of his employment, meaning that he is immune from personal liability. *See Cotton v. Paschall*, 782 So. 2d 1215, 1217 (Miss. 2001) (explaining that, under Miss. Code § 11-46-7, individuals can never be personally liable "for acts or omissions within the course and scope of their employment"). The complaint in fact appears to seek to hold Bowers responsible for the former employee's actions precisely <u>because of</u> his Director duties.[1]

For the City's part, Miss. Code § 11-46-5(2) expressly provides that governmental entities retain their sovereign immunity when an employee commits "any criminal offense other than traffic violations." Given that the former employee pled guilty to a criminal offense, the City assuredly is not responsible for his actions under state law.

Further, Perkins is not a proper plaintiff anyway, since she was and is a MDOC prisoner. *See* Miss. Code § 11-46-9(1)(m) (providing immunity from the claims "[o]f any claimant who at

---

[1] Notably, a plaintiff is not allowed to artfully plead around the MTCA. Mississippi courts have long explained that "[s]ubstance controls, not labels." *See Tolbert Southgate Timber Co.*, 943 So. 2d 90, 1010 (Miss Ct. App. 2006) (Southwick, J.) (explaining that it did not matter whether the theory was trespass or conversion). In the MTCA context in particular, a plaintiff "cannot avoid the MTCA simply by renaming that claim." *See Kelly, LLC v. Corinth Public Utilities Comm'n*, 200 So. 3d 1107, 1118 (Miss. Ct. App. 2016). The former employee's criminal act unquestionably took him outside the course and scope of his employment.

the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution . . . ."). Therefore, Plaintiffs' state law claims fail.

## CONCLUSION

For these reasons, the City and Bowers request that they be dismissed from this case and that a final judgment under Rule 54(b) be entered.

Dated: October 24, 2023.

                              Respectfully submitted,

                              **PHELPS DUNBAR, LLP**

                              BY:  */s/G. Todd Butler*
                                      G. Todd Butler, MB #102907
                                      H. David Clark, III MB # 104165
                                      4270 I-55 North
                                      Jackson, Mississippi  39211-6391
                                      P. O. Box 16114
                                      Jackson, Mississippi 39236-6114
                                      Telephone: (601) 352-2300
                                      Telecopier: (601) 360-9777

                              **ATTORNEYS FOR THE CITY AND BOWERS**

## **CERTIFICATE OF SERVICE**

I certify that this document has been filed with the Clerk of Court, using the Court's ECF system, which provides service to all counsel listed on the docket in this case as of the date below.

Dated: October 24, 2023.

                                              */s/ G. Todd Butler*
                                              G. Todd Butler