# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**LINDELL JERMYAL STOKES, et al.**                               **PLAINTIFFS**

**VS.**                                          **CAUSE NO.:3:23-cv-524-HTW-LGI**

**VICTORIA LUCKY, et al.**                                      **DEFENDANT(S)**

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT MBFS'S MOTION TO DISMISS

COME NOW Plaintiffs, Lindell Jermyal Stokes, *et al*, and file their Memorandum in in Opposition to Defendants City of Flowood and Chris Bowers' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [33] and [34] Motion to Dismiss. Plaintiffs will show the Court such relief as requested by the Defendant should be denied.

## INTRODUCTION AND FACTS

Plaintiff Wendy L. Perkins was an inmate with Defendant MDOC placed with Defendant City of Flowood in the recreation department to which she was working her time out. The supervisor of the Department with the City of Flowood is Defendant Chris Bowers who oversees the operations and personnel of this city department. Both of these Defendants were responsible for the oversight and direction of state inmate assigned to them. Plaintiff Perkins was placed under the direct supervision of Androus Aldridge without any oversight. By law, neither Plaintiff Perkins nor Aldridge can and/or could consent to sex under Miss. Code Ann. § 97-3-104 much less allow Aldridge to rape her under his supervision. Whether Plaintiff stated the incorrect Androus Aldridge is not the end all be all. Plaintiff Perkins under the control of both these Defendants

was raped and conceived a child due to the rape. Aldridge's oversight includes all female inmates to which he had direct contract and supervised. Both of these Defendants state there is no liable since what he did was a criminal violation. Yet both Defendants were responsible for the hiring, firing and oversight of Mr. Aldridge. Defendants accepted inmate for work program with understanding that oversight was a must. These Defendants are asking this court to dismiss without Plaintiffs having their ability to discover evidence, ask questions and offer proof of the violation of law under both federal and state law to include the policies and/or lack of policies that were a moving force to which caused these chain of events to which now exists. The Defendant operated under a nonsupervisory theory of overseeing employee that supervised female inmate. The evidence will show that Aldridge did favors for the inmates and expected sexual favors in return. This motion should be denied since it is not proper at this time.

## **LAW AND ARGUMENT**

As to deciding a F.C.R.P. Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, "[t]he court accepts all well-pleaded facts as true, viewing them in light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). For Plaintiff to survive the motion at hand, she "must plead 'enough facts to state a claim to relief that is plausible on its face'" *Id.* (quoting *Bell Atl. Corp. v. Twomby*, 550 U.S. 544, 555 (2007). Furthermore, in *Trevino v. Boomtown Inc.*, 2002 U.S. Dist. LEXIS 11317 (E.D. LA 2002), clearly stated:

> A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982)). When considering a motion to dismiss, the court must liberally construe the complaint in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. Id. (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78S. Ct. 99, 101-02, 2 L. Ed. 2d80 (1957). This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Id. (citing 5A *Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1357 (2d ed. 1990)).

*Id.* at *6.

Thus, 12(b)(6) motions are clearly not favored by law. As stated below, Plaintiffs have alleged some proper causes of action against the Defendant.

As found in *John Doe v. Hillsboro Independent School Dist*, 81 F.3d 1395, 1401 (5th Cir. 1996), the Fifth Circuit stated:

> A motion to dismiss requires the court to test the formal sufficiency of the statement of the claim for relief. All well-pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff. The issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims. Accordingly, we will not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

As to F.R.C.P. 56 Plaintiffs are entitled to discovery prior to this Court basing a ruling without giving time to do discovery. In *Bailey v. KS Mgmt. Servs.* 35 F.4th 397, 401 (5th Cir. 2022), the Fifth Circuit stated that "[s]ummary judgment is appropriate only where 'the plaintiff has had a full opportunity to conduct discovery.' *McCoy v. Energy XXI GOM, L.L.C.* , 695 F. App'x 750, 758–59 (5th Cir. 2017) (per curiam) (emphasis omitted) (quoting *Brown v. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002) ). And Rule 56(d) permits "*Miss.* further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quotation omitted).

Thus, granting a dismissal under either Rule 12(b)(6) or 56 is inappropriate at this time.

**ARGUMENT**

Plaintiffs filed an amended complaint alleging a number of causes of action to include both of these Defendants. Plaintiffs allege in their amended complaint that Flowood failed to do any background check on a person who oversees female inmates who had sex and impregnated Plaintiff Perkins. *See Plaintiff's Amended Complaint* ¶ 9. As stated by the Defendants, for a claim under § 1983 against a municipality, Plaintiffs have to show a policy based on *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978). *Monell* established the standard for proof as follows:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the

> injury that the government as an entity is responsible under § 1983.
>
> 436 U.S. at 694, 98 S. Ct. 2018; Salazar-Limon, 826 F.3d at 277. Therefore, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Gros v. City of Grand Prairie, Tex.*, 34 F. App'x 150 (5th Cir. 2002) (per curiam) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).

As stated in Plaintiffs' complaint, Defendant Flowood failed to perform a background check prior to hiring a person to supervise female inmates, especially Plaintiff Perkins. This same type of violation occurred in Doe v. Taylor Independent School Dist, 15 F.3d 443, (5th Cir. 1994). The Fifth Circuit found liability for a deliberate indifference for the failure to protection the Plaintiff's constitutional rights.

This case at bar is still in its early stages. Plaintiffs should be allow to future investigate and determine the exact policies used in overseeing its employee and who they are responsible for to include inmate assigned unto them. Plaintiffs have knowledge that Defendants failed to do any type of background check on a person to whom was hired to oversee inmates. Such a policy affects everyone that in contact with the City. Such a lack of policy would be a move force to which cased Plaintiff's injury.

As to Defendant Bowers, he was the supervising person over Aldridge. Defendants state he is protected by qualified immunity. The test for qualified immunity is found in Connelly v. Tex. Dep't of Criminal Justice, 484 F.3d 343,346 (5thCir. 2007). The Court stated "[t]o determine whether an official is entitled to qualified immunity,

the court asks (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." Charles v. Grief, 522 F.3d 508, 511 (5th Cir. 2008).

Clearly Plaintiff Perkins had a constitutional right to bodily protection. As to Plaintiff Perkins' constitutional right, the law is clear that inmates are not free to be exploited and used as desired by prison officials. In *Cooks v. Barron*, CIVIL CASE NO. 2:10-cv-00332, at *2 (S.D. Tex. Dec. 20, 2011).

> An inmate's right to be free from sexual assault at the hands of state prison officials is secured by the Eighth Amendment's prohibition against excessive force. Like the Eighth Amendment, which requires that prison officials comply with certain basic standards of decency in their treatment and care of convicted prisoners, the Fourteenth Amendment similarly protects individuals under the state's care from violence and sexual abuse by state employees. The Fifth Circuit has described this as "the right to be free of state-occasioned damage to a person's bodily integrity" arising under the Fourteenth Amendment's substantive due process clause.As to the second part of the test, Plaintiffs need sufficient discovery prior to determining his conduct. Mr. Bowers was to oversee Aldridge and direct what he did and did not do as the direct supervisor over the female inmates. Defendant Bower allowed Mr. Aldridgeto take advantage of the female inmates to which he as entrusted to oversee. All of these are facts to which Plaintiff needs to develop.

As to the second part of the test, Defendants failing to provide adequate supervision over inmate is not objectively reasonable. Defendants should have known that inmates can be easily taken advantaged without proper supervision without the proper screen of a person. Thus, this Court should deny Defendants' motion.

## CONCLUSION

Plaintiffs' complaint clearly states sufficient facts to support their claims that they pled. Thus, Defendants motion should be denied.

Respectfully Submitted,

**LINDELL JERMYAL STOKES, et al.**

By: /s/Daniel D. Ware
Daniel D. Ware

Daniel D. Ware, 10847
WARE LAW FIRM, PLLC
103 3rd Street NW
Magee, MS 39111
Telephone: (601) 439-7079
Facsimile: (601) 439-7063
dware@warelawfirm.com

## CERTIFICATE OF SERVICE

I, Daniel D. Ware, for the Plaintiffs herein, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

THIS the 8th day of January, 2024.

/s/Daniel D. Ware
Daniel D. Ware